Oldham J., delivered the opinion of the court. Whiting and Slark presented their petition and motion to the circuit court of Pulaski county for a rule upon Lawson to show cause why he should not, as sheriff of said county, execute or be compelled by attachment to execute and acknowledge a deed to petitioners for certain real estate alleged to have been sold by him as sheriff by virtue of executions in his hands, and purchased by them, by their agent, and for which they had paid the purchase money. The rule was granted and the defendant appeared and hied his response, admitting the sale, but alleging that after the sale he attended in court with deeds for the property, for the' purpose of acknowledging them, when he was informed and ascertained that a motion or application was pending for the purpose of setting aside the sale, and which motion at the time of making his response was undecided, and that he was willing to make and acknowledge deeds whenever the motion to set aside the sale, should be determined. A motion was made by the petitioners to strike out this response, and taken under advisement by the court, but the record does not show that any disposition whatever was made of the motion by the court. Subsequently an additional response was filed setting forth numerous facts in connection with the sale, and com eludes by alleging that the defendant as sheriff attended in court for the purpose of executing and acknowledging deeds, when he learned that a motion was pending to set aside the sale, and for that reason he. declined executing the deeds until the determination of the motion by the court. The executions and returns thereon were referred to in the response as exhibits, but the returns upon the executions cannot be regarded as part of the response for they were evidently made after it. The response states that a motion was made and then pending to set aside the sales, the returns upon the executions show that the motion was determined and the sales set aside ; a fact which took place after the filing of the response, and proves that the circuit court did not have those returns before it upon the determination of this case. How they became copied into the transcript sent up to this court is immaterial, as they evidently form no part of the record and cannot be taken into consideration. Upon the facts stated in the response the matter was submitted to the court and .the rule discharged. There are various reasons why the rule upon the sheriff should not have been made absolute, and for which the judgment of the circuit court must be affirmed. He is but a ministerial officer whose duties are defined by law, in the execution of which he acts under the direction and control of the court. In making sales under execution he stands indifferent between the plaintiff, defendant and purchaser, and is supposed to be. operated upon by no other motive than that of a desire for the faithful and impartial discharge of his duty as an officer. If he makes a valid sale, the law makes it his duty to execute and deliver a deed to the purchaser, if the property be real estate, and if he should refuse to perform that duty, he may be compelled by the court to do it. But if he should make a sale void in law, or one prejudicial to the rights of either the plaintiff or defendant in the execution, it is not only within the power but it is the duty of the court, upon the motion and proper showing of the injured party to set aside the sale. Upon such motion all parties interested can be heard, the court will duly consider; their rights and interests, and will make such order and decision as accords with law and the justice of the case. If the sale is set aside the purchaser acquires no title to the property, but is entitled to a return of the purchase money. If either party should deem himself aggrieved by the decision of the court he may adopt some remedy, legal or equitable for the purpose of reversing, or vacating and avoiding the judgment. If upon such motion a sale should be declared invalid and set aside by the court, the purchaser would not be permitted to proceed against the Sheriff to compel the execution of a deed, in affirmance of a sale declared invalid by the court. He would not be permitted to proceed against the officer having no interest in the subject matter, but would be compelled to resort to some other mode of procedure, in which the opposing party in interest might be a party to the suit. If after a sale under execution the plaintiff or defendant should move the court to set it aside, regarding the disinterested attitude of the sheriff, he would most certainly be excused from executing a deed to the purchaser until after the motion to set aside should be determined. If he should voluntarily or by compulsion of the court, execute a deed, and the sale should be afterwards set aside, the deed would be thereby rendered void and inoperative, as it would be made to depend for its validity upon a void sale. Yet such a deed might be used to the annoyance and prejudice of third persons ' and for that reason the sheriff would be justly excusable in refusing to execute a deed during the pendency of the motion. This is a proceeding against the sheriff by the purchaser. To justify the court in granting the extraordinary relief sought, there should not only be a clear right upon the part of the petitioners, but the failure of a. clear and positive duty upon the part of the respondent. Such is not the case in the proceeding now before the court. The title of the petitioners to the relief sought is questionable, and by the record appears to have been pending as a subject of legal scrutiny in the circuit court upon the motion to set aside the sale under which they allege they acquired title, at the time the sheriff filed his response to the rule against him. The interests of others, not parties to this proceeding may be affected by granting the relief sought by the petitioners. For that reason, if no other, the rule should have been discharged by the court below, and the petitioners left to adopt a more appropriate mode of redress, in which all the parties interested could be brought before the court and their rights adjudicated. Affirmed.